[No. 6436. Decided December 5, 1906.]

*In the Matter of the Estate of* NATHAN N. WETMORE, *Deceased.*

EVERETT MORGAN, EXECUTOR, *Appellant*, v. LUVENCHIA L. MORRISON, *Respondent.*[1]

WILLS—TESTAMENTARY CAPACITY—UNDUE INFLUENCE—EVIDENCE—SUFFICIENCY. A finding of want of testamentary capacity is warranted by the evidence where it appears that the decedent was seventy-eight years of age, that his wife died nine days before, causing him great mental anguish, that he languished physically until his death nine days thereafter, the will being made four days before his death, at night, in the house of the sole devisee, who was not related to him, no mention being made of his children or grand-

[1]Reported in 87 Pac. 1151.

children and no disposition made of a small amount of the property excepted from the general devise, and where there was evidence that at the time his mind was wandering, weak and feeble.

Appeal from an order of the superior court for Snohomish county, Black, J., entered May 14, 1906, upon findings in favor of the contestant of a will, after a trial on the merits before the court without a jury.   Affirmed.

*Padgett & Bell*, for appellant.
*Hathaway & Alston*, for respondent.

PER CURIAM.—This is an appeal from the decree and judgment of the lower court in a proceeding in contest of the will of Nathan N. Wetmore, deceased, instituted by Luvenchia L. Morrison, a child of the deceased.

The decedent, at the time of making the alleged will, was seventy-eight years of age.   His wife died nine days prior to his death, causing him great mental anguish.   He also languished physically from the time of the death of his wife, which culminated, as we have intimated, in his death nine days thereafter.   The will was executed between nine and ten o'clock on Wednesday night preceding the death of the decedent Sunday morning.   He died at the residence of Ella G. Wetmore, the sole devisee, where he resided from the time of the funeral of his wife until his death.   None of his children or grandchildren were mentioned or provided for in the will, but he bequeathed all of his property, with a slight exception, to the said Ella G. Wetmore, between whom and himself there were no ties of consanguinity.   There was no testamentary disposition of the small amount of property excepted.   The court found that he was unduly influenced by the said Ella G. Wetmore, and that his mind at the time of the execution of the will was wandering, weak and feeble. This is equivalent to a finding that he did not have a sound and disposing mind.

Other findings of the court it is not necessary to discuss here. Nor is it necessary to notice many of the propositions discussed by respective counsel, for from an examination of the record we are convinced that the finding of the court is sustained by the overwhelming weight of the testimony; and, indeed, had not the court so found, we would have been compelled to have found from the testimony that the decedent was utterly incapable of making so solemn and important an instrument as a will at the time the alleged will was executed. For this reason the judgment will be affirmed.